UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOU HSU,<br><br>             Plaintiff,<br>v.<br><br>PATRICK R. DONAHOE, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,<br><br>             Defendant. | Case No.: 5:13-cv-02253-PSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**(Re: Docket No. 14)** |

Plaintiff Hou Hsu airs a panoply of grievances against the United States Postal Service in this action, but as Defendant Patrick Donahoe, Postmaster General, points out, he has failed to do so in a manner that comports with a variety of procedural requirements of this court. In light of those failures, the court GRANTS Donahoe's motion to dismiss.

## I. BACKGROUND

Hsu has been employed by the United States Postal Service since 1987, and for the past 15 years, he has taken issue with his treatment at work. In 2005, he sued the then-Postmaster General, alleging discrimination based on race, national origin, disability status, and his prior filings with the Equal Employment Opportunity Commission.   That case was resolved by a settlement agreement that guaranteed Hsu the use of a smoke-free vehicle for work and released the postal service from any claims based on acts that had occurred up until that point in time.  In 2013, Hsu filed this suit based on the postal service's alleged failure to comply with the terms of the previous settlement agreement, along with a plethora of new offenses.  Donahoe now moves to dismiss Hsu's claims based on time-bars, failure to exhaust administrative remedies, pleading failures, and several other issues.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[1]  If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[2]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence

---

[1] Fed. R. Civ. P. 8(a)(2).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

2
Case No.: 5:13-cv-02253-PSG
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

of sufficient facts alleged under a cognizable legal theory."[4]  "A formulaic recitation of the elements of a cause of action will not do."[5]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[6]  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[7]  However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[8]

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear… that the complaint could not be saved by amendment."[9]

### III.   DISCUSSION

**A. Request for Judicial Notice**

Donahoe has requested that the court take judicial notice of fourteen documents stemming from Hsu's employment, litigation, and EEO history.[10]  Under Fed. R. Evid. 201(b), a court may take judicial notice of facts that are either generally known within the district or the veracity of which can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Hsu does not object to the court taking judicial notice of these documents, all of which are easily verifiable and the accuracy of which cannot reasonably be questioned.  The court will therefore take notice of these documents.

---

[4] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[6] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[7] *See id.* at 1061.

[8] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[9] *Eminence Capital, LLC v. Asopeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[10] *See* Docket No. 17-1.

3
Case No.: 5:13-cv-02253-PSG
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**B. Motion to Dismiss**

Turning to the substance of the motion, Donahoe points out a number of procedural issues problems with Hsu's operative complaint. First, Donahoe points out that Hsu fails to allege facts indicating that he has fully exhausted his administrative remedies.[11] The complaint does contain one sentence indicating that Hsu has exhausted his administrative remedies and timely filed this action after a final decision was rendered, but that sentence provides only a date of final decision, not include a case, agency, or reference number.[12] Donahoe indicates in his motion to dismiss that only one of Hsu's EEO complaints was issued a final decision around that date, Case No. 4F-940-0017-11.[13] Although Hsu's complaint sets forth allegations of discrimination from 2006-2011, the documents submitted for judicial notice establish that Case No. 4F-940-0017-11 only addressed Hsu's claims stemming from the events of September 8, 2010 for retaliation and discrimination based on race, national origin, age, and sex.[14] In the operative complaint, Hsu has dropped any claims for age and sex discrimination, leaving retaliation and discrimination based on race and national origin. Because these are the only claims for which Hsu has properly pleaded exhaustion of administrative remedies, they are the only employment discrimination claims that the court may consider.[15] All others must be DISMISSED.

---

[11] *See* Docket No. 17 at 6, 19.

[12] *See* Docket No. 1 at ¶ 85.

[13] *See* Docket No. 17 at 5; *see also* Docket No. 17-2. Agency Case No. 4F-940-0017-11 was one of three spin-off cases originally filed on November 18, 2010 as 4F-940-0007-11. *See* Docket No. 17-6 at 8. Because the Postal Service determined that the appeal rights for the allegations contained in that single case were different, they separated the allegations into three distinct cases. Hsu's claim for disability discrimination based on the events of September 8, 2010 retained the original case number and was subsumed into a larger class action pending against the postal service; that claim remains in abeyance. Hsu's claims from September 8, 2010 for retaliation and discrimination based on age, sex, national origin, and race proceeded as Case No. 4F-940-0017-11, and his complaints from all other dates proceeded as Case No. 4F-940-0016-11.

[14] *See* Docket Nos. 17-4, 17-5, 17-6, 17-7, 17-8 and 17-9.

[15] Although Hsu's opposition indicates that his claims in the instant complaint also stem from EEO Agency Case Nos. 4F-940-0075-07, 4F-940-0011-08, 4F-940-0092-08, 4F-940-0213-08, 4F-940-

4
Case No.: 5:13-cv-02253-PSG
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Hsu's complaint contains, at most, two sentences of factual allegations regarding the events of September 8, 2010: "On September-8, 2010 Mr. Silberberg and Susan notified Plaintiff there were no jobs available that fit Plaintiffs disability condition.  Ms. Susan and Mr. Silberberg repeatedly refused to pay any EEO official time on form 8971."[16]  "While the pleading standard for Rule 8(a) is liberal,"[17] it is difficult to see how a defendant could be provided the proper notice in only two sentences, which only indicate that on a single day, there was no work available within Hsu's medical restrictions.  Beyond these two sentences, Hsu's complaint contains only the bare, "formulaic recitation of the elements of a cause of action" decried in *Twombly*.  Hsu's claims for retaliation, discrimination, and harassment based on race and national origin therefore are DISMISSED for failure to plead with the specificity required under *Iqbal*, *Twombly* and Rule 8.

Hsu's remaining causes of action similarly do not survive.  Hsu himself withdrew his hate crime charge in his opposition to the motion to dismiss,[18] leaving only his claim under the Privacy Act.  In addition to any other pleading failures, Hsu's claim under the Privacy Act is barred by the statute of limitations.  The Ninth Circuit has clearly held that the "Privacy Act requires plaintiffs to bring suit within 'two years from the date on which the cause of action arises.'"[19]  Hsu's only allegation of a privacy violation occurred in 2007, such that the statute of limitations ran in 2009.[20]  In waiting to file suit until 2013, Hsu has lost his right to pursue a claim based on that particular incident.  Absent any other allegations of privacy violations, his Privacy Act claim is DISMISSED.

---

0088-09, and 4F-940-0081-11, neither the opposition nor the complaint contains allegations regarding the finality of any decision rendered in these cases or the date of such a decision.  Without such allegations, Hsu has failed to allege that he has exhausted his administrative remedies.

[16] *See* Docket No. 1 at ¶¶ 69-70.

[17] *Cook v. Brewer*, 637 F.3d 1002, 1006 (9th Cir. 2011).

[18] *See* Docket No. 19 at 5.

[19] *Rouse v. U.S. Department of State*, 567 F.3d 408, 414 (9th Cir. 2009) (quoting 5 U.S.C. § 522a(g)(5)).

5
Case No.: 5:13-cv-02253-PSG
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## IV.   CONCLUSION

Donahoe's motion to dismiss Hsu's complaint is GRANTED. Hsu's claims under the Privacy Act and for retaliation and discrimination based on race, disability, and national origin are dismissed without prejudice and with leave to amend. Any amended pleading shall filed by April 20, 2014.

The court notes that because Hsu is not represented by counsel, he may benefit from the services of the Federal Legal Assistance Self-Help Center ("FLASH"). FLASH can provide assistance understanding the federal procedural rules and, potentially, referrals to other legal service agencies. Assistance is available by appointment only in Room 2070, on the second floor of the San Jose Federal Courthouse at 280 S. 1st St., San Jose, CA 95113. To make an appointment, Hsu should call 408-297-1480 between the hours of 9:30 a.m. and 4:30 p.m. on a Monday or a Tuesday.

**IT IS SO ORDERED.**

Dated: March 20, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[20] *See* Docket No. 1 at ¶ 38.

6

Case No.: 5:13-cv-02253-PSG
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS