1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2  ALEX G. TSE (CSBN 152348)
   Chief, Civil Division
3  JAMES A. SCHARF (CSBN 152171)
   Assistant United States Attorney
4
       150 Almaden Boulevard
5      Suite 900
       San Jose, CA 95113
6      (408) 535-5044
       james.scharf@usdoj.gov
7
   Attorneys for Defendant
8
                     UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                            SAN JOSE DIVISION
11

12 | HOU HSU,                          | Docket No. C 13-2253 PSG
13 |            Plaintiff,             | STIPULATION AND AGREEMENT OF
   |                                   | COMPROMISE AND SETTLEMENT AND
14 | v.                                | [PROPOSED] ORDER DISMISSAL WITH
   |                                   | PREJUDICE
15 | PATRICK R. DONAHOE, POSTMASTER    |
   | GENERAL, U.S. POSTAL SERVICE,     |
16 |                                   |
   |            Defendant.             |
17

18     IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that this action be settled and compromised on the following terms:

19     WHEREAS, Plaintiff filed the above-captioned action under Title VII of the Civil Rights Act of 1964 and other federal statutes concerning his employment with U.S. Postal Service.

       WHEREAS, Plaintiff retired from the U.S. Postal Service in April 2014.

       WHEREAS, the parties participated in a settlement conference before Hon. Nathanael M. Cousins on November 25, 2014.  This settlement conference was held after Defendant's motion to dismiss Plaintiff's First Amended Complaint was heard, but before said motion was adjudicated.  Both parties were represented by counsel at the settlement conference.  The settlement conference was successful and resulted in a comprehensive settlement of all of Plaintiff's claims relating to his employment with U.S. Postal Service, except as otherwise stated herein.

SETTLEMENT AGREEMENT
CASE NO. C 13-2253 PSG

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of Plaintiff's employment with U.S. Postal Service, except as otherwise stated herein;

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby anticipated, the Parties agree as follows:

1. Settlement Amount. In full and final settlement of all claims related to Plaintiff's employment with U.S. Postal Service, including but not limited to all claims that are the subject of this action, except as otherwise stated herein, Defendant shall pay Plaintiff a total sum of $20,000————————. There shall be no withholding from this amount. Plaintiff understands that this payment may be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the IRS. The check will be made payable to Hou Hsu, and defense counsel will send the check via Federal Express to Plaintiff. Plaintiff and his settlement attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more to process.

2. Release and Exception. In consideration of the payment of the Settlement Amount and the other terms set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever discharges Defendant Donahoe, the U.S. Postal Service, and any and all of its past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, including claims arising under Title VII of the Civil Rights Act of 1964, whether suspected or unsuspected, at law or in equity, known or unknown, or omitted prior to the date he executes this Agreement, which arise from or relate to his employment with U.S. Postal Service. This settlement, however, is without prejudice to any of Plaintiff's claims (including without limitation Plaintiff's disability discrimination claims, disability harassment claims, and claims relating to lost benefits) that currently or prospectively fall within a pending class action complaint entitled *McConnell v. Potter*, Agency No. 4B-140-0062-06 ("*McConnell*"). Thus, this settlement agreement covers *all* claims or potential claims (except *McConnell*) arising out of Plaintiff's employment with U.S. Postal Service.

7. **Waiver of California Civil Code § 1542.** The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by his settlement counsel, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

8. **Agreement as a Complete Defense.** This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

9. **No Admission of Liability.** This is a compromise settlement of disputed claims and demands, which settlement does not constitute an admission of liability or fault on the part of the Defendant or any of its past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaints in these actions.

10. **Tax Liability.** If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum received herein, Plaintiff shall be solely responsible for paying any such determined liability from any government agency thereof. Plaintiff will indemnify and hold harmless Defendant from any liability it incurs from any government agency arising out of any failure by Plaintiff to pay for any liability she might incur from any government agency.

11. **Construction.** Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not,

3. **Attorneys' Fees.** The parties agree that the cash amount described in Paragraph 1, above, is in exchange for Plaintiff releasing and dismissing all claims for compensatory and special damages, back pay, front pay, interest, attorneys' fees, costs, restitution, reinstatement and any other form of legal or equitable recovery relating to his employment with U.S. Postal Service. The parties understand that this amount includes full satisfaction of all claims for attorneys' fees and costs arising from work performed by Plaintiff's counsel or others at all stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with Plaintiff's employment with U.S. Postal Service, and any other EEO administrative proceedings, other than *McConnell.*

4. **Dismissal <ins>with prejudice</ins>.** In consideration of the payment of the Settlement Amount and the other terms of this Stipulation and Agreement, Plaintiff ~~agrees that he will, within seven days of this agreement, execute a Stipulation of Dismissal, which stipulation shall~~<ins>herein</ins> dismiss<ins>es</ins>~~,~~ with prejudice~~,~~ all claims asserted in this Action or any claims that could have been asserted in this Action. ~~The fully executed Stipulation of Dismissal will be held by counsel for Defendant and will be filed with the Court upon receipt by Plaintiff of the Settlement Amount.~~ <ins>The settlement judge, Magistrate Judge Cousins, retains jurisdiction to enforce the settlement agreement until payment is made.</ins>

5. **EEO Cases.** Upon ~~receipt by Plaintiff of the~~<ins>execution of this</ins> Settlement <ins>Agreement</ins>~~Amount~~, Plaintiff authorizes U.S. Postal Service to dismiss all of Plaintiff's pending EEO cases, other than *McConnell.* Plaintiff further agrees not to initiate any new EEO proceedings concerning or relating to his employment with U.S. Postal Service. The EEO Cases covered by this settlement agreement include, but are not limited to, Agency Case Nos. <ins>4F-940-0017-11</ins>, <ins>4F-940-0075-0</ins>7, <ins>4F-940-0011-0</ins>8, <ins>4F-940-0092-0</ins>8, <ins>4F-940-0213-0</ins>8, <ins>4F-940-0088-0</ins>9, <ins>4F-940-0016-11</ins>, <ins>4F-940-0081-11</ins>, ~~and~~ <ins>4F-940-0109-10, 4F-940-0042-14, and 4F-940-0007-11</ins>.

6. **Application for Future Employment.** Plaintiff agrees that he will never again apply for employment at the U.S. Postal Service. If plaintiff violates this provision and applies for future employment with the U.S. Postal Service, the U.S. Postal Service is authorized to deny his application pursuant to this Agreement, and may assert this Agreement as a full and complete defense to any proceeding or action concerning its decision to deny Plaintiff's employment application.

SETTLEMENT AGREEMENT
CASE NO. C 13-2253 PSG

therefore, be construed against any Party for that reason in any subsequent dispute. It is acknowledged that the parties hereto have, through their respective counsel, mutually participated in the preparation of this Agreement, and it is agreed that no provision hereof shall be construed against any party hereto by virtue of the activities of that party or its attorney.

12. Severability. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

13. Integration. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

14. Authority. The signatories to this Agreement have actual authority to bind the parties.

DATED: ~~October 16~~ November 25, 2014

Hou Hsu
Plaintiff
2357 ARGUELLO PL
Santa Clara CA 95050

DATED: ~~October 16~~ November 25, 2014

Robert Artuz
Plaintiff's Court-Appointed Settlement Counsel

DATED: ~~October 16~~ November 25, 2014

James A. Scharf
Assistant United States Attorney
Attorney for Defendant

~~PURSUANT TO STIPULATION, IT IS SO ORDERED.~~
I have witnessed this agreement as the settlement judge and agree that the parties may proceed with the terms and conditions set forth in this agreement. With the agreement of the parties, I retain jurisdiction to enforce the settlement agreement until payment is made.

Dated: ~~October 16~~ November 25, 2014

United States District Court Magistrate Judge
Nathanael M. Cousins

SETTLEMENT AGREEMENT
CASE NO. C 13-2253 PSG

SETTLEMENT AGREEMENT
CASE NO. C 13-2253 PSG